UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JAMELL CARAWAY,

                Petitioner,

  -against-

STATE OF NEW YORK

                Respondent.
------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 05-CV-2913 (FB) (KAM)

*Appearances:*
*For the Plaintiff:*
JAMELL CARAWAY, *Pro Se*
01-A-3917
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929-2001

*For the Defendant:*
CHARLES J. HYNES
District Attorney Kings County
By:    LEONARD JOBLOVE
       AMY APPELBAUM, ESQ.
       Assistant District Attorneys
Office of the Kings County District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, District Judge:**

*Pro se* petitioner, Jamell Caraway ("Caraway"), seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in New York Supreme Court, Kings County, on two counts of Robbery, one count of Criminal Possession of a Weapon and one count of Criminal Possession of Stolen Property. Caraway claims that the evidence at trial was not legally sufficient to support his convictions for the two robbery counts. This claim was presented to and rejected by the Appellate Division, Second Department on direct appeal as being both unpreserved and without merit, *see People v. Caraway*, 3 A.D.3d 536 (2d Dep't 2004), and was fully exhausted when the New York Court of Appeals denied

leave to appeal. *See People v. Caraway*, 2 N.Y.3d 738 (2004) (table). For the reasons set forth below, his petition is denied.

I.

Only federal issues may be raised on *habeas* review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been "adjudicated on the merits" by a state court, the state court's judgment is entitled to substantial deference. *See* 28 U.S.C. § 2254(d). "[A] state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citations and quotations omitted). Where the state court finds a claim without merit and in the alternative procedurally barred, the judgment clearly constitutes an adjudication on the merits and AEDPA deference applies. *See, e.g., Pearson v. Greiner*, 2004 WL 2453929, at *13 (S.D.N.Y. 2004).

For claims "adjudicated on the merits," *habeas* relief may not be granted unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme

2

Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409. This inquiry requires a court to "ask whether the state court's application of clearly established federal law was objectively unreasonable," not whether the application was erroneous or incorrect. *Id.* In that respect, the standard to be applied "falls somewhere between merely erroneous and unreasonable to all reasonable jurists." *Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir. 2003) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)). However, the "increment [of incorrectness beyond error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Eze v. Senkowski*, 321 F.3d 110, 125 (2d Cir. 2003) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

## II.

Under clearly established Supreme Court precedent, a conviction is supported by sufficient evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A *habeas* petitioner challenging the sufficiency of the evidence supporting his conviction "bears a very heavy burden." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002). He must show that the verdict was so clearly against the weight of the evidence that "'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Einaugler v. Supreme*

3

*Court of the State of New York*, 109 F.3d 836, 839 (2d Cir. 1997) (quoting *Jackson*, 443 U.S. at 324). When considering the petitioner's claim, the Court "must look to state law to determine the elements of the crime." *Ponnapula*, 297 F.3d at 179.

Caraway, who was charged with robbing Yun Hei Sheng ("Sheng") and Jay Hung ("Hung") on October 8, 2000, disputes that there was sufficient evidence to support the jury's finding that he – as opposed to another individual – committed the robbery. The Appellate Division's rejection of his claim was neither an unreasonable application of clearly established Supreme Court precedent nor based on an unreasonable application the law to the facts. Moreover, viewing the evidence in the light most favorable to the prosecution, the Court concludes that the evidence was more than sufficient to support Caraway's convictions for robbery: a detective testified (1) that both Sheng and Hung separately identified Caraway as the robber in a line-up that was conducted one day after the robbery, and (2) that Caraway orally confessed to the robbery.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Caraway has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                              FREDERIC BLOCK
                                              United States District Judge

Dated: Brooklyn, New York
        November 29, 2005